# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-40196
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FERNANDO ACUNA-PEREZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-177-2

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Fernando Acuna-Perez (Acuna) appeals his 80 month sentence following his guilty plea conviction for conspiracy to possess with intent to distribute more than 5 kilograms of cocaine.

Acuna first argues that the district court erred by enhancing his base offense level by two levels for possession of a dangerous weapon. See U.S.S.G. § 2D1.1(b)(1). Acuna asserts he was unaware of the presence of any firearms in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the house where the cocaine was found. A defendant's guidelines offense level may be enhanced under § 2D1.1(b)(1) if the possession of a firearm by a coconspirator was reasonably foreseeable. See United States v. Hernandez, 457 F.3d 416, 423 (5th Cir. 2006). Because there is evidence that Acuna's codefendant possessed a firearm while he and Acuna were engaged in rewrapping a large quantity of cocaine, the district court did not clearly err by inferring that his codefendant's possession of a dangerous weapon was reasonably foreseeable. See United States v. Thomas, 120 F.3d 564, 574 (5th Cir. 1997); United States v. Castillo, 77 F.3d 1480, 1498 (5th Cir. 1996).

Acuna also argues that the district court erred by denying his request for a downward adjustment of his offense level based on his minor or minimal role in the offense. See U.S.S.G. § 3B1.2. One of Acuna's codefendants stated that, when he arrived at the stash house, Acuna stated that he had been sent by other conspirators to help with the impending cocaine delivery. In addition, Acuna acknowledged that he agreed to help rewrap a large quantity of cocaine, which was a step leading to its further distribution. Because the district court's finding that Acuna was not a minor or minimal participant is plausible in light of the record read as a whole, we conclude that the district court did not clearly err in finding that Acuna was not entitled to this reduction. See United States v. Villanueva, 408 F.3d 193, 203 (5th Cir. 2005).

AFFIRMED.